Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 3693 | **DATE** | 8/29/2001 |
| **CASE TITLE** | Lakewood Engineering and Manufacturing Company vs. Lasko Metal Products Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 9/27/2001 at 9:30 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's motion for summary judgment of non-infringement of plaintiff's U.S. Patent No. 408,907 [56-1] is denied. Plaintiff's cross-motion for summary judgment that defendant's "original" rear grill infringes the '907 patent [75-1] is denied. Agreed motion by plaintiff for leave to file instanter a brief in excess of 15 pages [74-2] is granted. A status hearing is ordered for September 27, 2001 at 9:30 A.M..

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | AUG 3 1 2001 | |
| ✓ | Notified counsel by telephone. | | date docketed | 85 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | ED-7 FILED FOR DOCKETING | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 01 AUG 30 PM 3: 46 | | |
| | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LAKEWOOD ENGINEERING AND MANUFACTURING COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | No. 99 C 3693 |
| v. | ) ) | Judge Joan B. Gottschall |
| LASKO METAL PRODUCTS INC., | ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Lakewood Engineering and Manufacturing Company ("Lakewood") has filed a four-count complaint against Lasko Metal Products Co. ("Lasko"), alleging one count of design patent infringement in violation of 35 U.S.C. § 271, one count of trade dress infringement in violation of 15 U.S.C. § 1125(a), and two counts of false advertising in violation of 15 U.S.C. § 1125(a). Upon Lakewood's motion, the court dismissed the trade dress infringement count, leaving only the patent infringement and false advertising counts in Lakewood's First Amended Complaint. Lasko now moves for summary judgment in its favor on Lakewood's patent infringement claim, while Lakewood moves for summary judgment on the issue of whether one of Lasko's products infringes Lakewood's patent. For the reasons set forth below, both motions are denied.

## Background

Lakewood alleges that Lasko committed wrongdoing in relation to the manufacture and

1



sale of its "Premium Box Fan," which Lakewood contends infringes its patent, U.S. Patent No. 408,907 ("'907 patent"), entitled "Grill for a Window Fan." (Pl. First. Am. Compl. ¶¶ 9-10.) Specifically, Lakewood contends that the grill used on the front of the Premium Box Fan ("front grill") along with the grill originally used on the rear of the fan ("original rear grill") and a modified version of the rear grill ("modified rear grill") all infringe the '907 patent.

Earlier in this litigation, Lakewood sought a preliminary injunction in order to enjoin Lasko from selling the modified rear grill as part of its fans. The court denied Lakewood's motion, holding that Lakewood was unlikely to succeed on the merits of its patent infringement claim regarding Lasko's modified rear grill. The court noted that the test for design patent infringement is whether an ordinary observer or purchaser, while looking at the "overall [ornamental] design" of the accused product, would be deceived into purchasing it over the patented design, without "seeing any significant difference between them." (Tr. of Prel. Inj. Hrg., Exh. D to Lasko's Stmt. of Uncont. Facts in Sup. of Sum. Judg. ("SUF"), at 43:2-10.) The court believed that the '907 design and the Lasko modified rear grill were different enough in appearance that the test was not met. Now, Lasko moves for summary judgment of non-infringement regarding all three versions of its fan grills, while Lakewood moves for summary judgment of infringement regarding Lasko's original rear grill.

## Analysis

In this case, both parties have moved for summary judgment. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). When

considering a motion for summary judgment, the court must view the record and any inferences to be drawn from it in the light most favorable to the party opposing summary judgment. *See Griffin v. Thomas*, 929 F.2d 1210, 1212 (7th Cir. 1991). The party opposing summary judgment may not rest upon the pleadings, but "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). There is no genuine issue for trial unless there is "sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Id.* The party moving for summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

To determine whether a design patent has been infringed, the court must perform a two-step process. The first is construing the patent, and the second is determining whether the accused product infringes the patent. *OddzOn Products Inc. v. Just Toys, Inc.*, 122 F.3d 1396, 1404 (Fed. Cir. 1997).

## I. Construing the '907 Patent

Courts begin their construction of a design patent by noting what is contained in the "Claim" and "Description" sections of the patent at issue. *See, e.g., Elmer v. ICC Fabricating, Inc.*, 67 F.3d 1571, 1577 (Fed. Cir. 1995). In the case of Lakewood's '907 patent, the "Claim" section contains only one sentence: "The ornamental design for a grill for a window fan, as shown and described." (Lakewood's '907 patent, Exh. A to Lasko's SUF.) The "Description" section lists four drawings, each of which provides a different view of the patent design. Two of the drawings, which represent the sides of the box fan, contain no features of the design. The other two, which represent front perspectives of the fan, contain all the pertinent features of the

3

design.

Heeding the Federal Circuit's pronouncement that "[d]esign patents have almost no scope," and that in "design cases, [the claim at bar] is limited to what is shown in the application drawings," *Elmer*, 67 F.3d at 1577 (quoting *In re Mann* 861 F.2d 1581, 1582 (Fed. Cir. 1988)), courts also provide a short visual description of the drawings. *See, e.g., Elmer*, 67 F.3d at 1577; *Moen Inc. v. Foremost Int'l. Trading, Inc.*, 38 F.Supp.2d 680, 682 (N.D.Ill. Mar. 4, 1999). In providing this visual description, the court may pay attention only to the ornamental features of the design. *OddzOn*, 122 F.3d at 1405. In the case of the '907 design, it is undisputed that all features contained in the design's drawing are ornamental, as opposed to functional, in nature.

The front perspective of the '907 grill design shows, among other things, a square frame containing a pattern of sixteen radial vanes intersecting with twenty-three concentric circles extending from a circular hub to the edges of the frame. Curving counter-clockwise from the hub to the perimeter, the vanes alternate in length between two sizes. Eight vanes extend the full distance from the perimeter of the frame to the hub, while the other eight extend from the perimeter only part way to the hub.

## II. Patent Infringement

The next step involves determining whether the accused product infringes the patented design. "In determining whether [the accused product] infringes a design patent, two distinct tests must be applied: the ordinary observer test set forth in *Gorham Mfg. Co. v. White*, 81 U.S. 511, 528 (1871), and the point of novelty test." *Unidynamics Corp. v. Automatic Products Int'l.*, 157 F.3d 1311, 1322 (Fed. Cir. 1998).

Under the *Gorham* test, the court must determine

> [i]f, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other.

*Gorham*, 81 U.S. at 528. The point of novelty test is distinct from the *Gorham* test and requires that "'the accused device must appropriate the novelty in the patented device which distinguishes it from the prior art.'" *Unidynamics*, 157 F.3d at 1323 (quoting *Litton Sys., Inc. v. Whirlpool Corp.*, 728 F.2d 1423, 1444 (Fed. Cir. 1984)).

The court in *OddzOn* explained that "it is the appearance of a design as a whole which is controlling in determining infringement," and that "[t]here can be no infringement based on the similarity of specific features if the overall appearance of the designs are dissimilar." 122 F.3d at 1404. Furthermore, the court in *Unidynamics* stated that "[i]n determining [t]he overall similarity of design, the ordinary observer must be deceived by the features common to the claimed and accused designs that are ornamental, not functional." 157 F.3d at 1323. Design patent infringement is a question of fact, to be proven by a preponderance of the evidence. *Braun v. Dynamic Corp. of America*, 975 F.2d 815, 819 (Fed. Cir. 1992).

*A. Lasko's Motion for Summary Judgment*

Lasko moves for summary judgment, making essentially two arguments. One is that the designs for its grills (the original rear grill, modified rear grill, and front grills) are very different in appearance from the '907 patent. Lasko concedes that all its grills are similar to the '907 design to the extent that the grills have concentric circles intersecting with curved vanes in a square frame. Lasko points out, however, that the curvature of vanes in its grills is less

5

pronounced than the curvature of vanes in the '907 patent. Furthermore, Lasko notes, the vanes in its grills curve in a clockwise direction, not the counter-clockwise direction in which the '907's vanes curve, and its grills contain thirty-two vanes, not the sixteen found in the '907 design. Additionally, Lasko points out, the vanes in its modified rear grill do not appear to alternate in length, as is the case in the '907 design, because the modified rear grill's vanes are extended toward the hub much more than in the '907 design.

Lasko advances a second argument in favor of summary judgment. Lasko contends that the issuance of its patent, U.S. Patent No. 413,685 ("'685 patent"), which discloses some of its designs (the original rear and front grills), means that the United States Patent and Trademark Office ("PTO") believes that its designs are distinct from the '907 patent. (Patent for 413,685, Exh. D to Lakewood's SUF.) Lasko notes that the examiner who issued the '685 patent was the same one who issued the '907 patent. Had this examiner considered the designs similar, Lasko argues, the PTO would have declared an "interference" between the two patents, thus requiring further proceedings for determining which company should have rights to the claimed subject matter. (Def. Reply at 6.) Because the PTO did not conduct such a proceeding, Lasko argues, the PTO must have determined that the Lasko designs were different from the '907 patent.

Lakewood responds that both of Lasko's arguments are incorrect. Lasko's designs, Lakewood argues, appropriate the essential features of its '907 patent, namely a square frame, curvature in vanes that alternate in length, and a hub and concentric circle design. The testimony of Lasko's employees and the report by an patent infringement expert, Lakewood argues, shows that an ordinary purchaser would be confused by the appearance of the two designs. As for Lasko's argument regarding the issuance of its '685 patent, Lakewood argues that Lasko is

incorrect because case law states that although the issuance of a patent is a factor in determining whether infringement has occurred, the issuance of such a patent does not preclude a finding of infringement.

Lasko's motion for summary judgment must be denied. Lakewood has raised a genuine issue of fact as to whether the accused designs meet the *Gorham* and point of novelty tests. The central piece of evidence that Lakewood presents is the testimony of Leonardo Gonzales, a former employee of Lasko who designed the front and the original rear grills of Lasko's Premium Box Fan. During his deposition testimony, an attorney for Lakewood asked him to make a series of comparisons between the '907 design and designs of the original rear, modified rear, and front grills. Comparing Lasko's front and original rear grill designs to the '907 design, Gonzales stated that he found all three to be "similar," explaining that the main similarities were the "arced [vanes] rotating around a center point" and the "concentric rings going all the way out to the four corners." (Dep. of Leonardo Gonzales, Exh. A to Lasko's Stmt. in Resp. to Lasko's SUF, 75:10-14.) Regarding the front grill, which contains a wide circular ring near the corners called a "wind ring," Gonzales was asked whether the design appeared similar to the '907 design despite the appearance of the wind ring, to which Gonzales answered "yes." (*Id.* at 77:1-7.) Gonzales was then asked to compare the modified rear grill to the '907 design. After comparing the two designs, Gonzales stated that they were similar. The attorney then pointed out to him the alternation of vane length in both designs. Both designs had vanes that alternated in length; however, the shorter-length vanes in the original rear grill were shorter than the shorter-length vanes in the modified rear grill. Regarding this length difference, the attorney and Gonzales had the following exchange:

7

> Q: That was something you didn't notice upon first glance?
> A: Right
> Q: Now that you've noticed that, is that something that you think makes a big difference [between the designs] or not?
> A: Right off the bat no, because it didn't even dawn on me that there was a difference.

(*Id.* at 79:6-14.) Finally, Gonzales and the attorney had the following exchange regarding Lasko's Premium Box Fan and Lakewood's Deluxe Box Fan, which embodies the '907 patent:

> Q. I think you earlier testified that if [the Premium Box Fan] was side by side next to Lakewood's deluxe box fan and neither had a name on it - -
> A. There's enough similarities.
> Q. That someone could be confused?
> A. Yes.

(Gonzales Dep. at 111: 7-13); (Def. Resp. to Pl. SUF at ¶ 44.)

In addition to the testimony of Gonzales, Lakewood provides a report from Thomas E. Smith, whom Lakewood calls an expert in design patent infringement. Smith acknowledges certain differences between Lasko's grill designs and the '907 design but contends the following:

> In the accused Lasko box fan grills, as in the Lakewood patented grill, concentric circular or ring elements extend outwardly from the center to the outer edges of the grill including into the corners of the square grill, and the intercepting curved elements extend radially inwardly from the outer edges and corners of the grill. This combination . . . results in a unique overall appearance, which had not been heretofore achieved in a box fan grill, and this unique combination of elements gives the impression of dynamic movement and provides a synergistic non-linear appearance to the square box fan grill. The accused Lasko box fan grills have appropriated this unique combination of elements.

(Dep. of Thomas Smith, Exh. S to Lakewood's SUF, at ¶ 5.) Furthermore, Smith opines that the accused designs and the '907 design are "substantially identical" to each other and that an ordinary observer would not notice the differences between the two. (*Id.* at ¶¶ 8-9.)

The Federal Circuit has recognized that expert testimony and testimony by a defendant's

employee are proper evidence upon which a jury could rely in deciding that a design patent has been infringed. In *Avia Group Int'l, Inc. v. L.A. Gear Corp.*, 853 F.2d 1557, 1564 (Fed. Cir. 1988), the Federal Circuit held that the plaintiff presented sufficient evidence of a "prima facie" case of design patent infringement. Among the important pieces of evidence that the court listed was "evidence in the form of an expert's declaration analyzing infringement and deposition testimony of [the defendant's] president, in which he confused [the defendant's product] with [the plaintiff's product]." *Avia*, 853 F.2d at 1564. As in *Avia*, Lakewood has elicited testimony from an expert witness, Thomas Smith. (Dep. of Thomas Smith, Exh. S to Lakewood's SUF, at ¶¶ 8-9.) More importantly, however, Lakewood has deposed Leonardo Gonzales, who could also be considered an expert given that he designed Lasko's original rear and front grills. To be sure, upon careful inspection, Gonzales noticed some differences between the designs presented to him. However, Gonzales' overall impression was that the Lasko grills (including the ones he designed) and the '907 design were so similar that he believed that an ordinary purchaser could confuse the accused grill designs for the '907 patent. The deposition is revealing in that Gonzales, himself, was surprised when at least one important difference in the designs was pointed out to him. When the attorney asked Gonzales whether he thought that the difference in vane-length alternation between the modified grill design and the '907 design made a significant difference in their appearance, Gonzales answered, "[r]ight off the bat no, because it didn't even dawn on me that there was a difference." (Gonzales Dep. at 79:6-14.) Although Gonzales does not confuse Lasko's and Lakewood's grill designs in the way that the defendant company's president confused shoe designs in *Avia*, Gonzales' failure to notice a distinctive feature in the grill design could allow a reasonable fact finder to conclude that an average observer observing

9

grill designs may do the same.

Gonzales' testimony and Smith's report would also seem to raise genuine issues of fact as to whether the point of novelty test is met. The point of novelty test asks whether the accused device appropriates "'the novelty in the patented device which distinguishes it from the prior art.'" *Unidynamics*, 157 F.3d at 1323 (citations omitted). In order to determine the '907's points of novelty, the court must examine prior art to determine how the '907 design differs from it. *See Id.* Examining the references to prior art that Lakewood has submitted, it does not appear that the elements of the '907 patent, in themselves, are novel. Prior fan grills, such as the one patented in U.S. Patent No. "312,124," (Patent for 312,124, Exh. F to Lakewood's SUF) contained vanes that curved in a counter-clockwise direction, while others, such as the one patented in U.S. Patent No. "407,478," (Patent for 407,478, Exh. O to Lakewood's SUF) contained vanes intersecting concentric circles in a square frame. What is novel about Lakewood's '907 patent is its combination of all these elements to create a distinctive design. *See L.A. Gear v. Thom McAn Shoe Co.*, 988 F.2d 1117, 1125 (Fed. Cir. 1993) (upholding district court's finding that the novelty of plaintiff's patent was its novel combination of prior arts' features). Gonzales' testimony and Smith's report are evidence that the overall appearances of the accused designs are very similar to that of the '907 design. This evidence raises a genuine issue of fact as to whether the accused designs have appropriated the novel feature of the '907 design, namely its "distinctive overall look" resulting from the combination of prior art features. *L.A. Gear*, 988 F.2d at 1125.

Lasko attacks Lakewood's central piece of evidence, namely Gonzales' testimony. Lasko does not attempt to discredit Gonzales' credentials or question his motivations for testifying the

10

way he did. Instead, Lasko primarily argues that Gonzales should not be transformed into a "model for a juror," since Gonzales was "given no instruction as to the Court's claim construction, no jury instructions relating to patent law, [or] what ornamental features to consider, etc.." (Def. Reply at 11.)

Lasko's arguments are not persuasive. First, Gonzales did not need an instruction as to the court's claim construction. As was indicated above, the construction of the '907 patent was limited to a description of the drawing of the '907 patent. *See Hsin Ten Enterprise USA, Inc. v. Clark Enterprises*, - - - F.Supp.2d - - -, 2001 WL 753779, *2 (S.D.N.Y. July 5, 2001) (quoting Donald S. Chisum, *Chisum on Patents*, § 1.04[3], at 1-220.3 (1998)) ("The Court agrees that 'the illustration [of the patent] is its own best description' and holds that the proper claim construction of the [patent in question] is limited to what is shown in the application drawing.") As indicated in the deposition, Gonzales based his testimony solely on what appeared in a drawing of the '907 patent. The court need not have instructed Gonzales to do anything different. Furthermore, the attorney asked Gonzales for his opinion of whether the accused designs are similar to the '907 design despite the accused designs' functional features (such as the front grill's wind ring), which distinguish those designs from the '907 design. Gonzales said yes. Had Gonzales been asked to compare the designs, ignoring these functional features and focusing solely on the designs' ornamental features, Gonzales' opinion that the designs were similar would have likely been even stronger. Additionally, Lasko's arguments notwithstanding, it appears that Gonzales was asked for his opinion of whether the *Gorham* test would be met. Specifically, Gonzales was asked whether "someone," *i.e.*, an ordinary observer or purchaser, could be "confused" by the similarities in the accused designs and '907 patent. (Gonzales Dep.

at 111: 7-13.) Gonzales said that "[t]here's [sic] enough similarities" that someone could be confused. (*Id.*) It is true that he was not asked the *Gorham* test or point of novelty tests verbatim. Making all permissible inferences in favor of Lakewood, however, it would be reasonable to conclude, based on the answers that Gonzales gave, that he would have said that these tests were satisfied.

Finally, Lasko advances the argument that the issuance of the '685 patent, which covers Lasko's original rear and front grills, means that the PTO determined that these designs were distinctive from the '907 design. In a memorandum in support of its motion for summary judgment, Lasko appeared to suggest that the issuance of the '685 patent entitles Lasko to summary judgment as a matter of law. Now, Lasko has correctly backed away from this position, saying that "the Federal Circuit considers [the issuance of a patent to a defendant] relevant to, but not dispositive of, the question of infringement." (Def. Reply at 6.) *See National Presto Industries, Inc. v. West Bend Co.*, 76 F.3d 1185, 1192 (Fed. Cir. 1996) (holding that the issuance of a patent to a defendant does not entitle defendant to summary judgment as a matter of law). Lakewood has set forth evidence creating a genuine factual issue as to whether Lasko infringed on Lakewood's '907 design. This evidence could support a finding of infringement even in the face of evidence that the PTO issued a patent to Lasko regarding some of its grill designs. Lasko's motion for summary judgment is denied.

### B. Lakewood's Motion for Summary Judgment

Lakewood moves for summary judgment of infringement regarding Lasko's original rear grill, arguing that the grill appropriates the novel features of the '907 design and that an ordinary observer could be so confused by the similarity in the designs that she would be deceived into

purchasing the original rear grill design instead of the '907 design. Lasko reasserts its argument regarding the issuance of its '685 patent and its argument that the '907 design is significantly different in appearance from the original rear grill.

Lasko has raised a genuine factual issue as to whether Lakewood can satisfy the *Gorham* test in the case of the original rear grill. Like Lakewood, Lasko has also submitted the report of an expert who has compared the accused and '907 designs. The report identifies a number of differences between the original rear grill and the '907 design including the fact that "[t]here are a total of 32 closely spaced vanes in the accused [design]" as opposed to the "16 widely spaced vanes" in the '907 design; that the curvature between the two designs are in opposite directions; and that "the degree of curvature in the [original rear grill] is relatively slight" in comparison to the curvature of vanes in the '907 design. (Report of John L. Alex Responding to Thomas E. Smith Expert Witness Report of December 4, 2000, at 4-6.) In his expert opinion, John L. Alex concludes, the differences in designs leave the Lasko grill with "an overall appearance which is sufficiently dissimilar from the '907 patent so as to avoid confusion with and infringement of the ['907 design]." (*Id.* at 7.)

In addition to relying on Alex's report, Lasko points to the court's findings in its denial of Lakewood's motion for a preliminary injunction regarding the manufacture and sale of Lasko's modified rear grill. The court found that Lakewood would be unlikely to succeed on the merits regarding its infringement claim because of three aspects of the '907 design, which the court did not find were present in the design of the modified rear grill:

> First of all, I think that the alteration of the short and the long [vanes] is a very noticeable and prominent feature. Secondly, to my eye, the counterclockwise thrust of the [vanes] is also a very dominant feature. . ..[Third,] the curve of the

> [vanes] in the Lakewood design is – appears to me to be somewhat more intense or greater than in the Lasko design.

(Tr. of Prel. Inj. Hrg. at 43: 22-25, 44: 1-3.) The court found that these differences enabled the '907 design to have a distinctive look:

> Looking at [the '907 design], basically it has the kind of configuration of a spider web, to my eye, and there's a very strong dynamic sense in it, you almost can feel the air pulsing against those [vanes] which are kind of, because of the counterclockwise thrust, seem to be resisting it. And the general sense of it to my eye is a very distinctive sort of feeling that it - - a distinctive appearance and a distinctive feeling that the appearance produces. . . . Frankly, the [modified rear grill], I don't want to offend anybody, but while the [vanes] do curve, it seems to me to be pretty generic and not to look like [the '907 design]. . . .

(*Id.* at 44: 4-15.)

The court's findings of fact and law at the preliminary injunction hearing are not binding on the court's present determination of whether Lakewood should be entitled to summary judgment. *See Thomas & Betts Corp. v. Panduit Corp.*, 138 F.3d 277, 292 (7th Cir. 1998). "With due regard" for the manner in which the prior determinations were reached, however, they may influence determinations in the present summary judgment proceeding. *Id.*; *see Alexander Binzel Corp., et. al. v. NuTecsys Corp.*, 1999 WL 166972, *8 (N.D.Ill. Mar. 23, 1999) (holding that the court, on motion for summary judgment, would follow rulings made at preliminary injunction hearing on admissibility of evidence and on whether plaintiff's trade dress had acquired secondary meaning); *Cant Strip Corp. of America v. Schuller Int'l, Inc.*, 1995 WL 767805, *9 (D.Ariz. Sept. 27, 1995) (holding that although Ninth Circuit's opinion in context of prior preliminary injunction hearing was not binding, it was "persuasive" authority in the court's "instant motion for summary judgment.")

After a careful visual inspection of the designs of the modified rear grill and the '907

14

design, the court expressed a belief at the preliminary injunction hearing that the '907 design possessed a distinctive look as compared to the modified rear grill, and that an ordinary observer would not think the designs to be substantially the same; that is, the *Gorham* test would unlikely be met. It is undisputed that the modified rear grill and original rear grill, the design at issue presently, are very similar in appearance; indeed, that they differ in only one respect. The original rear grill's vanes alternate in length in a manner similar to that found in the '907 design, whereas the modified rear grill's alternation of vane length is not as noticeable. Otherwise, the degree and direction of curvature, which the court found to distinguish the modified rear grill from the '907 design, are the same in the original rear grill. Given the similarity in appearance between the modified and original rear grills, the court's earlier findings create a factual issue as to whether Lakewood can satisfy the *Gorham* test in the context of the original rear grill.

In opposition, Lakewood primarily argues that the degree and direction of curvature of the '907 design are "minor" characteristics having nothing to do with the overall look of the '907 design, and that the ordinary observer would not notice differences in the overall looks of grill designs based on differences in these characteristics. (Pl. Mem. in Supp. of Cross-Mot. for Sum. Judg. that Lasko's "Original" Rear Grill Infringes the '907 Patent at 12.) The court, however, found otherwise when it compared the '907 design to the modified rear grill. Making all permissible inferences in favor of Lasko, it is reasonable to conclude that a fact-finder could do the same when comparing the '907 design to the original rear grill. Lasko has created a genuine factual issue as to whether Lakewood can satisfy the *Gorham* test in the context of the original rear grill. Because Lakewood must satisfy the *Gorham* test in order to establish infringement, and there is a factual issue as to whether it can do so, Lakewood's motion for summary judgment

15

that Lasko's original rear grill infringes the '907 patent is denied.

## Conclusion

For the foregoing reasons, Lasko's motion for summary judgment of non-infringement and Lakewood's motion for summary judgment of infringement by Lasko's original rear grill are denied.

ENTER:

JOAN B. GOTTSCHALL

DATE: August 29, 2001